**FIRST SAVINGS BANK, F.S.B., Plaintiff,**

v.

**U.S. BANCORP and U.S. Bank National Association, Defendants.**

No. 95–4020–SAC.

United States District Court, D. Kansas.

Sept. 12, 2000.

Robert V. Eye, Elizabeth R. Herbert, Pedro L. Irigonegaray, Irigonegaray & Associates, Topeka, KS, Robert D. Hovey, Thomas H. Van Hoozer, Hovey, Williams, Timmons & Collins, Kansas City, MO, William A. Rudy, Lathrop & Gage L.C., Kansas City, MO, for Plaintiffs.

Stephen R. Baird, Peter Lancaster, Dorsey & Whitney, LLP, Minneapolis, MN, Ronald J. Brown, Minneapolis, MN, Brett C. Coonrod, Thomas E. Deacy, Jr., Thomas M. Deacy, Edward W. Mullen, Deacy & Deacy, Kansas City, MO, Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This case comes before the court on two motions: Plaintiff's Objections to Defendant's Designated Deposition Testimony, (Dk.344), and Defendants' Objections to Plaintiff's Designated Deposition Testimony, (Dk.345).

*PLAINTIFF'S OBJECTIONS*

Plaintiff's objections to the designated deposition testimony of Steven L. Decatur, Melissa Fogelberg, James Knutson, and Thomas M. Schofield are based solely upon grounds raised in previous motions in limine, which the court has denied. (See Dk. 370). Accordingly, and for the reasons set forth in the court's memorandum regarding the motions in limine, plaintiff's objections to the designated deposition testimony of these witnesses are overruled.

■ Plaintiff additionally objects to portions (p. 16, lines 7–10) of the deposition of Judith C. Pazdernik because it contains colloquy of counsel. This objection is sustained.

Counsel are cautioned to exclude all colloquy of counsel from any deposition presented to the jury.

*DEFENDANTS' OBJECTIONS*

Defendants have made numerous objections to the deposition designations made by the plaintiff.

Defendants have lodged a one word objection to the entire deposition of John F. Grundhfoer: "relevance." The court has reviewed this deposition and has found therein some testimony that is relevant to this case, and therefore overrules this objection.

■ Defendants have lodged multiple objections to the use of deposition testimony in the event that the witness testifies live at trial, or is not shown by plaintiff to be within the conditions specified by Fed.R.Civ.P. 32(a)(3). Defendants have withdrawn objections to the depositions of Melissa Fogelberg and Dorothy Goldie on this ground, and the court has received assertions of counsel for the parties that they anticipate that the following witnesses will testify in person instead of by deposition: Nikki Wankum, Dorothy Winterman, Julie Cornelius, and Anja Tennant. Thus defendants maintain objections to the following deposition testimony because the deponents live within 100 miles of Topeka, and have not been shown to be unavailable: Melissa Braun, Kathryn Grannell, David (sic) Heptig, Jenni Phipps, and Philip Brokenicky. Obviously, the court will not permit persons present at trial to testify by deposition, and will not permit deposition testimony to be used on direct unless the requirements of Rule 32(a)(3) are met.

Defendants have properly directed most of their objections regarding relevance to specific pages of plaintiff's designated deposition testimony. The court has reviewed the testimony noted, and overrules all objections based upon relevance, but for the following, which are sustained:

Rita Ormasa—page 4 line 11 to page 5 line 1.

John A. Blumenfeld—page 18 line 1 to page 24 line 5.

Mark Snoeyenbos—page 3 line 11 to page 4 line 15, and page 36 line 6 to page 44 line 6.

Carolyn G. Glah—page 88 line 25 to page 89 line 4, and page 94 lines 12 through 15, and page 111 line 18 to page 115 line 6.

Additionally, defendants have made several objections based on hearsay, and have referred the court to "Motion in Limine # 3." The court has denied defendant's third motion in limine, and overrules the hearsay objections as well. *See Jordache Enterprises, Inc. v. Hogg Wyld, Ltd.,* 828 F.2d 1482, 1487 and n. 4 (10th Cir.1987) (holding that evidence of customer inquiries is admissible under the state of mind exception to the hearsay rule).

Defendants have objected to the entire deposition of Rea Boyd, based solely upon the "damages motion in limine." Although this objection lacks clarity, the court has denied the damages motion in limine that defendants allude to, and thus overrules their objection to this deposition testimony as well.

Defendants' objections based upon lack of foundation are overruled.

IT IS THEREFORE ORDERED THAT plaintiff's objections to defendants' designation of deposition testimony (Dk.344) are granted in part and overruled in part, in accordance with the terms of this memorandum.

IT IS FURTHER ORDERED THAT defendants' objections to plaintiff's designation of deposition testimony (Dk.345) are granted in part and overruled in part, in accordance with the terms of this memorandum.